FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 3:50 pm, Jan 10, 2019*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JARCARRI CHAMBERS, | |
| Petitioner, | CIVIL ACTION NO.: 2:18-cv-24 |
| v. | |
| DEPUTY WARDEN DON BLAKELY, | |
| Respondent. | |

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jarcarri Chambers ("Chambers"), who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus challenging his conviction and sentence obtained in the Superior Court of Jeff Davis County, Georgia. Doc. 1. Respondent filed an Answer-Response and a Motion to Dismiss. Docs. 12, 14. Chambers filed a Response to the Motion to Dismiss. Doc. 17. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion, **DISMISS** Chambers' Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Chambers *in forma pauperis* status on appeal and a Certificate of Appealability.

### BACKGROUND

Chambers was convicted of cruelty to children in the first degree in the Superior Court of Jeff Davis County, Georgia, on March 25, 2008, after a jury trial. The next day, he was sentenced to 20 years' imprisonment. Doc. 1 at 1. Chambers filed an appeal with the Georgia Court of Appeals, and that court affirmed his conviction and sentence on November 29, 2011. Doc. 15-2 at 2.

On July 18, 2012, Chambers filed a state habeas corpus petition in the Mitchell County Superior Court. Doc. 15-1 at 1. In that petition, Chambers asserted his appellate counsel was ineffective for failing to conduct an independent investigation of the issues raised in his motion for new trial and for failing to raise ineffective assistance of trial counsel claims on appeal. Id. at 5. Chambers also filed an amended petition setting forth additional claims of ineffective assistance of appellate counsel. Doc. 15-2 at 3, 4. After an evidentiary hearing, the Mitchell County Superior Court denied Chambers' petition on August 27, 2014, finding no viable assertions of ineffective assistance of appellate counsel, and that order was filed on August 29, 2014. Id. at 12; Doc. 14-1 at 1.

Chambers was advised he had 30 days to file an application for certificate of probable cause to appeal with the Georgia Supreme Court and a notice of appeal in the Mitchell County Superior Court within that same 30 days. Doc. 15-2 at 12. By dismissal order dated April 20, 2015, the Georgia Supreme Court determined that Chambers' notice of appeal and application for certificate of probable cause to appeal had to be filed no later than September 29, 2014. Doc. 15-3. The Georgia Supreme Court found that, although he filed a timely notice of appeal in the superior court, he failed to file a certificate of probable cause in the Georgia Supreme Court, "and any application now filed would be untimely." Id. Chambers executed this § 2254 Petition on September 21, 2017, and it was filed in this Court on September 28, 2017. Doc. 1.

## DISCUSSION

In his Petition, which was executed on September 21, 2017, Chambers states the trial court violated the provisions of O.C.G.A. § 17-8-57 (barring Georgia trial judges from expressing certain opinions during trial). Doc. 1 at 5. Chambers also states his trial counsel was ineffective because she did not interpose proper objections, frame the defense in an

understandable manner, question the victim about previous occurrences, or question a witness about previous occurrences.  Id. at 6.  Chambers indicates he will amend his Petition once he gets "all [his] paper work."  Id. at 8.  Chambers asserts he did not raise all grounds for relief to the highest state court based on "new evidence," but does not explain the purported new evidence.  Id. at 11.  Chambers requests that his case be remanded to state court for a new trial or to overturn the sentence imposed due to violations he set forth in this Petition.  Id. at 14.

Respondent contends Chambers' § 2254 Petition is untimely because he did not file it within one year of his Jeff Davis County conviction becoming "final," and he is not entitled to tolling of the applicable statute of limitations period.  Doc. 14-1 at 2.

## I.    Whether Chambers Timely Filed his Petition

Because Respondent challenges the timeliness of Chambers' Petition, this Court must look to the applicable statute of limitations periods.  A petitioner seeking to file a federal habeas petition has one year within which to file his petition.  28 U.S.C. § 2244(d)(1).  The statute of limitations period shall run from the latest of four possible dates:

(A)    the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B)    the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

3

Chambers' conviction became final at the time of his completion of the direct review process or when the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). Chambers was convicted in the Jeff Davis County Superior Court on March 25, 2008, and he was sentenced on March 26, 2008. Doc. 1 at 1. Chambers filed a direct appeal, and the Georgia Court of Appeals affirmed his conviction and sentence on November 29, 2011. Chambers v. State, 720 S.E.2d 358 (Ga. Ct. App. 2011). Chambers then had 10 days, or until December 9, 2011, to file a motion for reconsideration with the Georgia Court of Appeals or seek certiorari to the Georgia Supreme Court. Ga. Supr. Ct. R. 38; Ga. Ct. App. R. 38. Chambers did neither, and his conviction became final on December 9, 2011. 28 U.S.C. § 2244(d)(1)(A). Because Chambers' conviction became final on December 9, 2011, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted).

As noted above, Chambers' conviction became final on December 9, 2011, and he filed his state habeas corpus petition on July 18, 2012. By that time, 222 days of the statute of limitations period applicable to § 2254 petitions had elapsed. Chambers' state habeas petition was denied by order filed August 29, 2014, and he had until September 29, 2014, to file properly

4

a notice of appeal in the Mitchell County Superior Court and an application for certificate of probable cause to appeal with the Georgia Supreme Court.[1]  O.C.G.A. § 9-14-52(b) ("If an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief.  The petitioner shall also file within the same period a notice of appeal with the clerk of the concerned superior court.").  Chambers filed a notice of appeal with the superior court, yet he failed to file an application for certificate of probable cause with the Georgia Supreme Court.  Doc. 15-3.

Because Chambers failed to file a certificate of probable cause with the Georgia Supreme Court on or before September 29, 2014, the application for review was not "properly filed," and the statute of limitations period was not tolled.  Williams v. Crist, 230 F. App'x 861, 865–66 (11th Cir. 2006) (citing Pace v. DiGuglielmo, 544 U.S. 408 (2005), and Wade v. Battle, 379 F.3d 1254, 1260 (11th Cir. 2004), for the proposition that state procedural rules govern whether a filing in the state court is properly filed).  Because Chambers did not properly file a notice of appeal and a certificate of probable cause to appeal of the denial of his state habeas corpus petition, the applicable statute of limitations period began running once again, on September 29, 2014.

Therefore, the § 2244(d)(1) one-year clock started to run on December 9, 2011, and ran for 222 days, until July 18, 2012, when Chambers filed his state habeas corpus petition.  The clock was tolled from July 18, 2012, to September 29, 2014 (the date Chambers' time to properly

---

[1]   Chambers' deadline to file was September 28, 2014, which was a Sunday.  Thus, this period was extended to the next business day, which was September 29, 2014.  Fed. R. Civ. P. 6(a)(1)(C) (In computing time expressed in days, the last day of that time period is included.  If the last day is a Saturday, Sunday, or legal holiday, the time period "continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

file an application for further review expired). The clock began running again on September 29, 2014, and ran for an additional 1,088 days, until September 21, 2017, when Chambers executed the instant § 2554 petition. All total, 1,310 counted days elapsed from the date Chambers conviction became final to the date he executed this Petition—far in excess of the 365-day limit imposed by § 2244(d)(1).[2] On its face, Chambers' Petition is untimely under § 2244(d)(1)(A).

In response to the Motion to Dismiss, however, Chambers appears to argue he is entitled to the statute of limitations period found in § 2244(d)(1)(B). Doc. 17. Chambers asserts he was placed in the Tier II program at Georgia State Prison on July 16, 2014, and officers confiscated a "large portion of his legal material, including a copy of [his] habeas corpus final order." Id. at 1. Chambers alleges a prisoner is automatically denied access to the prison library upon placement in the Tier program. Id. at 2. Chambers maintains his error was in submitting his certificate of probable cause with the Mitchell County Superior Court rather than the Georgia Supreme Court.

The "impediment" contemplated by § 2244(d)(1)(B) "requires state action that both 'violated . . . the Constitution or laws of the United States' and 'prevented [the prisoner] from filing' his federal petition." Johnson v. Fla. Dep't of Corr., 513 F.3d 1328, 1331–32 (11th Cir. 2008) (quoting 28 U.S.C. § 2244(d)(1)(B)); see also Arthur v. Allen, 452 F.3d 1234, 1249 (11th Cir. 2006) (explaining that, if a petitioner is "prevented from filing his habeas corpus petition as a result of 'illegal state action,' the limitation period will not begin to run until the state impediment is removed"). "Courts that have interpreted this provision have explained that

---

[2] As explained above, the tolling period ended on September 29, 2014, when time ran out for Chambers to properly file an application for review of the denial of his state habeas petition. However, the Georgia Supreme Court did not issue its order determining that the application was not properly filed not until April 20, 2015. Even if the tolling period ran until the date of the Georgia Supreme Court's order—April 20, 2015—the result would be the same. A longer tolling period would merely mean that 1,107 days elapsed from the time Chambers conviction became final and when he executed this Petition, which still exceeds the 365-day limit imposed by § 2244(d)(1).

6

§ 2244(d)(1)(B) 'is designed to extend the limitations period for cases in which a state directly interferes with a prisoner's ability to file a habeas petition.'" Sallie v. Humphrey, 789 F. Supp. 2d 1351, 1358 (M.D. Ga. 2011) (quoting Wood v. Spencer, 487 F.3d 1, 6 (1st Cir. 2007); citing Lloyd v. VanNatta, 296 F.3d 630 (7th Cir. 2002)). "These include situations in which a petitioner is not able to file a habeas petition because he has been denied access to legal materials or instances in which a court has simply refused to file a habeas petition that has been mailed to it." Id. (collecting cases); Shannon v. Newland, 410 F.3d 1083, 1087 (9th Cir. 2005) (explaining that "[t]he limited case law applying § 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison officials who interfere with inmates' ability to prepare and file habeas petitions by denying access to legal materials")).

In discussing what it means to be "prevented" from filing a habeas petition, a court in the Eleventh Circuit observed:

> [A] state-created impediment must, to animate the limitations-extending exception, "prevent" a prisoner from filing for federal habeas relief. . . .  The verb "prevent," in common parlance, means to frustrate, hold back, or keep from happening.  The question, then, is whether [the petitioner] was "prevented" from filing a federal habeas petition . . . .
>
> In answering that question, [petitioner's] available alternatives are of considerable relevance.  After all, were someone to erect a barrier across a highway, it would be impossible to decide whether the barrier "prevented" a motorist from proceeding to his destination without credible information as to the width of the highway, the size of the barrier, and the dimensions of the vehicle.  If the barrier left ample room for the vehicle to pass, it could not fairly be said to "prevent" the motorist's access to his destination.

See Sallie, 789 F. Supp. 2d at 1359 (quoting Wood, 487 F.3d at 7).

Assuming that Chambers' allegations—that Georgia State Prison officials confiscated his legal materials and denied him access to a prison law library—are true, he does not explain how such an impediment prevented him from filing his federal habeas corpus petition for more than

7

two years after the statute of limitations expired.  Instead, the most Chambers avers is that he mistakenly filed a certificate of probable cause to appeal with the superior court, but not with the Georgia Supreme Court.  Chambers admits such a filing was his mistake and not due to a State-created impediment.  Moreover, even if prison officials' alleged actions could be construed as a State-created impediment, Chambers fails to establish that such impediment prevented him from filing his § 2254 Petition in a timely manner.  And Chambers does not provide the Court with any information revealing when this alleged impediment was removed.  Thus, Chambers does not explain how he was prevented from filing his § 2254 Petition in 2014 or 2015 or 2016 but was then finally able to do so in 2017.  Chambers fails to show he is entitled to the statute of limitations period found in § 2244(d)(1)(B).

Because Chambers has not shown he is entitled to statutory tolling, the Court must determine whether the applicable statute of limitations period was equitably tolled.  A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition.  Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case."  Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (2010).  "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'"  Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Chambers does not present any basis for equitable tolling of the statute of limitations.  Chambers offers nothing to show that he had been pursuing his rights—diligently or otherwise—from the time of the denial of his state habeas petition until the filing of the instant § 2254

8

Petition and that some extraordinary circumstance prevented him from filing a timely § 2254 Petition.  Accordingly, Chambers is not entitled to equitable tolling.

For all these reasons, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Chambers' Petition as untimely filed.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Chambers leave to appeal *in forma pauperis* and deny him a Certificate of Appealability.  Though Chambers has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Chambers' Petition and Respondent's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Chambers *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, doc. 14, **DISMISS** Chambers' 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, doc. 1, and **DIRECT** the Clerk of Court to **CLOSE** this case.  I further **RECOMMEND** the Court **DENY** Chambers leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered.[3]  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

---

[3] Within this same 14-day period, Chambers can submit any paperwork he contends might entitled him to equitable tolling of the statute of limitations.  The Court notes Chambers has had ample time to submit any such paperwork, and allowing him an additional 14 days provides sufficient extra time.

11

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Chambers and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 10th day of January, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA